## J. A. GORMAN AND WIFE *v.* G. W. RAY.

**Wills — Devise — Land — Estate Tail Converted to Fee-Simple Title — Life Estate by the Curtesy.**

> This devise created an estate tail as defined by the common law, and by the eighth section of chapter 80 of the Revised Statutes estates tail are converted into fee-simple estates. On the death of the legatee, the land in controversy descended to her heir subject to the life estate of the appellee.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

January 24, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellants sought, by their petition, to recover of the appellee a tract of land alleged to have been devised to the female

appellant by the will of Isaac McBee in remainder, subject to an estate for life in her mother, Lucy A. Ray, which had terminated by her death. The appellee in his answer resists a recovery on the ground that said will vested the title in fee in said Lucy A. Ray who was his wife, and said female appellant being the issue of their marriage, he claims that, on the death of his wife, he became vested with an estate for life in the land as tenant by the curtesy.

It appears, from the judgment rendered under an agreement to submit the law and facts to the court, that evidence was heard upon which the court based its judgment dismissing the action and, as the record contains no statement of the evidence, it must be presumed to have authorized the judgment, unless the will of Isaac McBee should be construed to have only vested in Lucy A. Ray an estate for life in the land and the remainder in the appellant Elizabeth J. Gorman.

The disposing provision of the will as to the land is in these words:

> "I give and bequeath to my daughter Lucy Ray and to the heirs of her body," etc.
> "To her, the said Lucy A. Ray, and to the heirs of her body forever."

According to repeated decisions of this court, this devise must be understood as creating an estate tail as defined by the common law, unless it appears from other expressions indicating the testator's intention that he used the language quoted with a different meaning, and we perceive nothing in the entire will to authorize the latter inference.

And, as by the eighth section of chapter 80 of the Revised Statutes, estates tail are converted into fee-simple estates, we are of the opinion that on the death of Lucy A. Ray the land in controversy descended to her daughter Elizabeth, subject to the life estate of the appellee.

Wherefore, the judgment is affirmed.